UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17CR00480 RWS |
| | ) | |
| WENDE ANNE TERRILL, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES**
**FOR A PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lindsay McClure-Hartman, Assistant United States Attorney for said District, and moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case.    In support thereof, the United States sets forth the following:

1.      On October 18, 2017, a Federal Grand Jury for the Eastern District of Missouri returned an Indictment against Defendant Wende Anne Terrill charging her with the offense of wire fraud, in violation of Title 18, United States Code, Section 1343.    The Indictment also alleged forfeiture of any property, real or personal, constituting or derived from any proceeds traceable to said offense, pursuant to Title 18, United States Code, Sections 981(a)(l)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c).

2.      On March 5, 2019, a jury returned a unanimous guilty verdict as to Defendant Wende Anne Terrill as to the Count of the Indictment.

3.      At trial, the Government did not seek forfeiture of specific property, and the

Defendant was not entitled to a jury determination as to forfeitability.    *See* Fed. R. Crim. P.

32.2(b)(5)(A); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011).

4.      However, the Government now seeks a forfeiture money judgment, and this Court

must now determine the amount of money that the defendant will be ordered to pay.    See Fed.

R. Crim. P. 32.2(b)(1)(A).

5.      In this case, the amount of the forfeiture money judgment is based on the total

value of any property, real or personal, constituting or derived from any proceeds traceable to the

offense of wire fraud, in violation of Title 18, United States Code, Section 1343.

6.      Based upon the evidence presented at trial, Defendant Terrill is subject to the

entry of a money judgment against Defendant and in favor of the United States in the amount of

$207,250.00, which represents the proceeds traceable to the Defendant's offense – that is, the

amount that Defendant misappropriated from the company she was employed with, under false

and fraudulent representations.    Specifically, Defendant issued five unauthorized checks and

caused one unauthorized wire transfer during the scheme, resulting in a total amount of

$207,250.00.

7.      As of the time of this Motion, the United States has not identified any specific

property subject to forfeiture, nor has it identified any property warranting forfeiture as a substitute

asset pursuant to Title 21, United States Code, Section 853(p).

8.      Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure provides that if the

Court cannot identify specific property subject to forfeiture, it may enter a forfeiture order

describing the property to be forfeited in general terms and stating that the order will be amended under Rule 32.2(e) when additional specific property is identified.

9.      Because the United States does not seek to forfeit any specific property at this time, notice to third parties is not required under Rule 32.2(b)(6)(A).   In addition, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10.     Pursuant to Rule 32.2(b)(4)(A), the Preliminary Order of Forfeiture becomes final as to Defendant upon sentencing.

11.     Pursuant to Rule 32.2(b)(4)(B), the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment, but the Court's failure to do so may be corrected at any time under Rule 36.

WHEREFORE, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves this Court to enter a Preliminary Order of Forfeiture forfeiting any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of Defendant's offense, and that includes a forfeiture money judgment against Defendant and in favor of the United States in the amount of $207,250.00.   Pursuant to Rule 32.2(b)(3), the United States also requests authority to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production.   The United States submits herewith its proposed Preliminary Order of Forfeiture.

Dated: April 1, 2019                    Respectfully submitted,

                                        JEFFREY B. JENSEN
                                        United States Attorney

                                         _/s/ Lindsay McClure-Hartman_____
                                        LINDSAY MCCLURE-HARTMAN, #66070MO
                                        Assistant United States Attorney
                                        111 South 10th Street, Suite 20.333
                                        Saint Louis, Missouri 63102
                                        Telephone:  (314) 539-2200
                                        Facsimile:   (314) 539-2777